**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CLEVELAND**

| | |
|---|---|
| **SAMUEL HOOD, JR.**, on behalf of himself and others similarly situated, : : | |
| Plaintiff, : : | CASE NO. 1:24-cv-244 |
| : | JUDGE |
| v. : : | MAGISTRATE JUDGE |
| **FORD MOTOR COMPANY**, : | |
| c/o C T Corporation System : | **JURY DEMAND ENDORSED HEREON** |
| 4400 Easton Commons Way Suite 125 : | |
| Columbus, OH 43219, : : | |
| Defendant. : | |

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT
FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

Named Plaintiff Samuel Hood, Jr. ("Named Plaintiff"), individually and on behalf of others similarly situated, files his Collective Action Complaint against Defendant Ford Motor Company ("Defendant") for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

**I.      JURISDICTION AND VENUE**

1. This action is brought pursuant to the FLSA and 28 U.S.C. § 1331.

2. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed Named Plaintiff and others similarly situated in the Northern District of Ohio and a substantial part of the events or omissions giving rise to the claims occurred in the Northern District

of Ohio.

## II. PARTIES

### A. Named Plaintiff

3. Named Plaintiff is an individual, a United States citizen, and a resident of the State of Ohio living in the Northern District of Ohio.

4. Named Plaintiff was employed by Defendant for various lengths of time over the past several decades, most recently from 2015 to November 2022.

5. Named Plaintiff was employed as a salaried, non-exempt employee of Defendant as defined in the FLSA. Specifically, Named Plaintiff was employed by Defendant most recently as a Process Coach at its Cleveland Engine Plant No. 1 location in Cleveland, Ohio. During his employment, Named Plaintiff worked forty (40) or more hours in one or more workweek(s).

6. During Named Plaintiff's employment, Defendant did not compensate him for certain integral and indispensable work. As a result, Named Plaintiff was not fully and properly paid for all his hours worked in violation of the FLSA.

7. Likewise, Defendant applied this pay practice and/or policy to its other similarly situated Process Coaches. These similarly situated Process Coaches worked forty (40) or more hours in given workweeks. Defendant's practices and/or policies as explained *infra* resulted in these similarly situated hourly employees not being paid all their overtime wages earned in violation of the FLSA.

8. Named Plaintiff brings this action on behalf of himself and those similarly situated and has given his written consent to bring this action to collect unpaid overtime compensation under the FLSA. Pursuant to 29 U.S.C. § 216(b), Named Plaintiff's consent is filed alongside this Complaint as **Exhibit A**.

**B.** **Defendant**

9. Defendant is a foreign corporation that operates and conducts substantial business activities in the Northern District of Ohio.

10. Defendant is engaged in the development, production, and sale of consumer and commercial vehicles throughout the United States and the world.

11. At all relevant times, Defendant has had direct or indirect control and authority over Named Plaintiff and its other similarly situated Process Coaches' working conditions. Defendant exercised that authority and control over Named Plaintiff and other similarly situated Process Coaches.

12. At all relevant times, Defendant has had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and other similarly situated Process Coaches. Defendant exercised that authority and control over Named Plaintiff and other similarly situated Process Coaches.

13. At all relevant times, Defendant has had the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

14. Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to all employees, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

15. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated Process Coaches to work. The work that Named Plaintiff and other similarly situated Process Coaches performed was for Defendant's benefit.

16. At all times relevant, Defendant was an employer of Named Plaintiff and other

similarly situated Process Coaches as defined in the FLSA.

17. Defendant operates, controls, and employs employees engaged in commerce or in the production of goods for commerce or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

18. At all times relevant hereto, Defendant was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States.

### III. FACTS

19. Named Plaintiff and Defendant's other Process Coaches are salaried, non-exempt employees who are entitled to overtime compensation.

20. Named Plaintiff and Defendant's other Process Coaches were involved in the manufacturing process of various automobiles and other vehicles at Defendant's facilities and plants.

21. Named Plaintiff and Defendant's other similarly situated Process Coaches arrive to work prior to the scheduled start of their eight-hour shifts.

22. Named Plaintiff and other similarly situated Process Coaches did not utilize a timeclock. Instead, they manually reported their time on timecards.

23. Prior to the scheduled start of their shifts, Named Plaintiff and other similarly situated Process Coaches attended a "shift meeting" where they were informed about what had happened during the previous shift, what they needed to watch out for and expect during their shift, and any particular problems or issues that might arise during the shift.

24. This pre-shift meeting typically lasted thirty minutes and occurred before the

scheduled start of Named Plaintiff and the other similarly situated Process Coaches' shifts.

25. If the pre-shift meeting finished prior to the scheduled start of their shifts, Named Plaintiff and the other similarly situated Process Coaches proceeded to the production floor and continued working before the start of their shifts.

26. At the end of their shift, Named Plaintiff and the other similarly situated Process Coaches were relieved by the incoming shift, and proceeded to a post-shift meeting where they would "debrief" what had occurred during the shift, what problems may have been encountered, and what changes needed to be implemented or discussed.

27. This post-shift meeting also typically lasted thirty minutes.

28. Despite Named Plaintiff and the other similarly situated Process Coaches arriving early for their pre-shift meeting and staying late for their post-shift meeting, they were prohibited from including this pre- and post-shift work on their timecards and were therefore not compensated for it.

29. These pre- and post-shift duties resulted in Named Plaintiff and the other similarly situated Process Coaches performing integral and indispensable work for approximately one hour outside of their scheduled shifts.

30. Despite arriving early and staying late and performing work that was integral and indispensable to their job duties, Defendant did not pay Named Plaintiff and the other similarly situated Process Coaches for their pre- and post-shift work.

31. Thus, during all relevant times, Defendant failed to pay Named Plaintiff and the other similarly situated Process Coaches for all overtime work performed because of its policy or practice of not paying Process Coaches for pre- and post-shift work.

32. As a result of Defendant's companywide policy and/or practice described above,

Defendant knew or had reason to know that it was not compensating Named Plaintiff and the other similarly situated Process Coaches for all overtime pay that they actually earned.

33. Named Plaintiff and the other similarly situated Process Coaches regularly worked more than forty (40) hours per workweek but were not at paid one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) as a result of Defendant's unlawful policy or practice described above.

34. Defendant's failure to compensate Named Plaintiff and the other similarly situated Process Coaches as set forth above resulted in unpaid overtime.

35. At all times relevant herein, Named Plaintiff and the other similarly situated Process Coaches were employees as defined in the FLSA.

36. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein.

37. Defendant is in possession and control of necessary documents and information from which Named Plaintiff would be able to calculate damages and/or it otherwise failed to keep such records.

## IV.   FLSA COLLECTIVE ALLEGATIONS

38. Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and all other similarly situated employees of the following opt-in collective:

> **All current and former non-exempt Process Coaches of Defendant who were paid for 40 or more hours of work in any workweek during the 3 years preceding the filing of this Complaint and continuing through the final disposition of this case (the "FLSA Collective" or "FLSA Collective Members").**

39. Named Plaintiff and the putative FLSA Collective Members were all subject to the

same policies and/or practices described above, which resulted in unpaid overtime.

40. During the last three (3) years, Defendant did not compensate Named Plaintiff and the putative FLSA Collective Members for all overtime wages that they earned.

41. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

42. In addition to Named Plaintiff, the putative FLSA Collective Members have been denied proper overtime compensation due to the companywide unlawful policy and/or practice described herein. Defendant failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative FLSA Collective Members overtime wages for all overtime hours worked. Named Plaintiff is representative of those other similarly situated hourly production employees and is acting on behalf of their interests as well as his own in bringing this action.

43. The identities of the putative FLSA Collective Members are known to Defendant and readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

44. The net effect of Defendant's aforementioned policy and/or practice is that Defendant willfully failed to properly pay Named Plaintiff and the FLSA Collective Members overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

## V. CAUSE OF ACTION

### FIRST CAUSE OF ACTION:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

45. All of the preceding paragraphs are realleged as if fully rewritten herein.

46. This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective.

47. The FLSA requires that employees receive overtime compensation at one-and-one-half times (1.5x) their regular rates of pay for hours worked in excess of forty (40) per workweek. 29 U.S.C. § 207(a)(1).

48. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

49. Named Plaintiff and the FLSA Collective Members were paid on a salary basis and worked in non-exempt positions.

50. Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in one or more workweek(s) but were not paid for all overtime hours worked because of Defendant's failure to pay for pre- and post-shift work.

51. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective Members by failing to pay overtime for certain hours worked over forty (40) hours in a workweek at one-and-one-half times (1.5x) their regular rates of pay because of Defendant's companywide policy and/or practice described herein.

52. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

53. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime

compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

54. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

55. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective Members.

## VI.   **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Facilitating prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

B. Awarding to Named Plaintiff and the FLSA Collective Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

C. Awarding to Named Plaintiff and the FLSA Collective Members costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

D. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

E. Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever;

F. Issuing an Order directing Defendant to pay reasonable attorneys' fees and all costs connected with this action; and

G. Awarding to Named Plaintiff and the FLSA Collective Members such other and further relief as the Court deems just and proper.

>Respectfully submitted,
>
>**COFFMAN LEGAL, LLC**
>
>*/s/ Matthew J.P. Coffman*
>Matthew J.P. Coffman (0085586)
>Adam C. Gedling (0085256)
>Kelsie N. Hendren (0100041)
>Tristan T. Akers (0102298)
>1550 Old Henderson Rd.
>Suite #126
>Columbus, Ohio 43220
>Phone: 614-949-1181
>Fax: 614-386-9964
>Email: mcoffman@mcoffmanlegal.com
>   agedling@mcoffmanlegal.com
>   khendren@mcoffmanlegal.com
>   takers@mcoffmanlegal.com
>
>*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

>*/s/ Matthew J.P. Coffman*
>Matthew J.P. Coffman